**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 25, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JUAN CABELLO-VIZCARA,

Defendant-Appellant.

No. 11-2061
(D.C. No. 1:09-CR-02972-WJ-1)
(D. N.M.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, Chief Judge, **EBEL** and **KELLY**, Circuit Judges.

---

Juan Cabello-Vizcara pleaded guilty, pursuant to a plea agreement, to

conspiracy to possess with the intent to distribute heroin in violation of 21 U.S.C.

§§ 841(a)(1), (b)(1)(B), 846 (count 1); to possession of a firearm in furtherance of

a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count 11); and

to reentry of a removed alien in violation of 8 U.S.C. § 1326(a)(1) and (2) (count

---

[*] This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

12). In accordance with the parties' Fed. R. Crim. P. 11(c)(1)(C) stipulation in the plea agreement, the district court sentenced him to 120 months' imprisonment. The plea agreement also contained a waiver of Mr. Cabello-Vizcara's right to appeal his "convictions and any sentence at or under the maximum statutory penalty," Plea Agreement at 7, which was forty years' imprisonment for count 1, a mandatory five years' imprisonment consecutive to any other conviction's sentence for count 11, and ten years' imprisonment for count 12. Despite the appeal waiver, Mr. Cabello-Vizcara filed a notice of appeal.

The government has moved to enforce the plea agreement's appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Mr. Cabello-Vizcara's counsel responded, conceding that the waiver was valid and enforceable. Additionally, citing *Anders v. California*, 386 U.S. 738 (1967), counsel stated that the appeal presents no legally non-frivolous issues.[1] We gave Mr. Cabello-Vizcara an opportunity to file a pro se response to the motion to enforce. To date, he has not done so.

Nevertheless, we have reviewed independently the plea agreement, the change of plea hearing transcripts, the sentencing hearing transcript, and the motion to enforce. After doing so, we conclude that the requirements for

---

[1] Typically, in an *Anders* case, counsel requests permission to withdraw when counsel has conscientiously examined the case and determined that an appeal would be wholly frivolous. *Anders*, 386 U.S. at 744. Counsel in this case, however, has not moved to withdraw.

enforcing the plea waiver have been satisfied: (1) this "appeal falls within the scope of the waiver of appellate rights"; (2) Mr. Cabello-Vizcara "knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325.

We therefore GRANT the government's motion to enforce the appeal waiver and DISMISS the appeal.[2]

ENTERED FOR THE COURT
PER CURIAM

---

[2] We remind the government of its duty to attach a copy of the plea agreement to the motion to enforce. *See* 10th Cir. R. 27.2(A)(2)(b).